PER CURIAM:
Claimant brought this action for vehicle damage sustained when his vehicle struck a hole while he was traveling northbound on Route 65, near Naugatuck in Mingo County. Route 65 at this location is maintained by respondent. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred on March 18, 1999, at approximately 7:30 p.m. At dusk on the evening in question, Mr. Copley was traveling northbound on Route 65 toward Kermit in his 1989 Nissan Sentra at a speed o f a bout f orty t o f orty-five miles p er h our. A 11 his 1 ocation, R oute 65 is eighteen to twenty feet in width. It is a two-lane, asphalt road with double yellow lines indicating the center of the road with white lines on each edge of the pavement. Route 65 is described as being a priority road subject to heavy coal truck traffic. As Mr. Copley drove the on the wet road, he was confronted by three oncoming trucks in an area where he was aware of a hole in the road surface. Mr. Copley tried to maneuver his vehicle to the side of the road when the vehicle’s right front tire struck a hole one foot in width by one foot in length in the road on the right side of his lane of travel. The subsequent impact burst the tire, broke the wheel, and damaged the CV joint. Afterwards, Mr. Copley contacted respondent’s office regarding the hole *197 and it was patched sometime thereafter. Since Mr. Copley’s vehicle was insured only under a liability policy, he Was responsible for the damage in the amount of $398.77.[1]
The position of respondent is that it did not have notice of the hole on Route 65 in Mingo County. According to respondent, once it received notice of the hole it dispatched employees immediately to repair the hole. Employees patched the hole and then were involved in snow and ice removal activities in the area. During this time of the year, snow and ice removal activities are a top priority and road repair activities are conducted when the time becomes available. Prior to March 18, 1999, respondent . asserts that it did not have notice of this hole.
The well-established principle of law in West Virginia is that the State is neither an insurer nor a guarantor of the safety of travelers upon its roads. Adkins vs. Sims, 130 W.Va. 645; 46 S.E.2d 81 (1947). In order to hold respondent liable for road defects of this type, claimant must prove that respondent had actual or constructive notice of the defect and a reasonable time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986).
In the claim, the evidence established that respondent had at least constructive if not actual knowledge of the hole on Route 65 in Mingo County. The Court is of the opinion that the hole in the road surface of Route 65 constituted a hazardous condition and that respondent should have been more observant of problems on the road since it is a priority road subject to heavy coal truck traffic. Consequently, there is sufficient evidence of negligence on the part of respondent by which claimant may recover his sustained loss.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award in this claim.
Award of $398.77.

 After a review of the evidence adduced by Mr. Copley at the June 1, 2000, hearing, the Court has determined that the amount of damages set forth should be reduced by $40.00 because that amount was incurred as a return-core deposit for the CV joint purchased by Mr. Copley.